C. A. Aderdung Plumbing & Heating Company, Plaintiff-Appellee, v. Harold Stanton and Mary Stanton, Defendants-Appellants.

### Gen. No. 53,154.

First District, Third Division.

October 2, 1969.

Thomas R. O'Bryan, Paulson & Ketchum, of Chicago (Samuel C. Morris, of counsel), for appellants.

Rappaport, Clorfene & Rappaport, of Chicago (Merrill B. Meyer, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

An auto owned by Harold Stanton and driven by his wife collided with a truck belonging to the plaintiff. The plaintiff brought an action for property damages against the couple and the husband counterclaimed for the damage to his auto. The trial court, sitting without a jury, found in favor of the plaintiff. It entered a judgment of $700 against both defendants on the plaintiff's claim and a judgment against the husband on his counterclaim. The defendants contend that the findings and judgment were against the manifest weight of the evidence and that the plaintiff was guilty of contributory negligence as a matter of law.

The collision occurred about 3:05 p. m., October 21, 1964, at the intersection of Birchwood and Winchester Avenues in Chicago. Birchwood is a one-way street going east and Winchester is a one-way street going north. Both streets are about 30 feet wide. There is no stop sign or signal light at the intersection. At the time of the accident, cars were parked up to the corners on each side of each street. The weather was clear and the pavement dry.

Anthony Baxter, a witness to the collision, testified that he was driving east on Birchwood behind the plaintiff's truck. He stated that about 40 feet from the Winchester intersection, the brakes of the truck were applied and it slowed to 15 miles per hour. When the truck reached the curbline, its brakes were released and it accelerated to a speed of 20 to 25 miles per hour. The truck traveled about 20 feet or approximately halfway through the intersection when its right rear end was struck by the front of the defendants' auto. The impact of the collision lifted the rear of the truck completely off the ground

309

and flipped it in the air. The truck landed on its left side in the northeast corner of the intersection. The auto stopped in the center of the intersection.

Baxter was about 100 feet behind the truck at the time of the accident. He testified that the left side of the truck was on the left side of an imaginary center line on Birchwood when the collision occurred and that it had been in approximately the same position as it approached the intersection. He did not see the defendants' auto until a second before the collision; however, he estimated that it was traveling at least 20 miles per hour. After the accident, he saw that the car left skid marks about 25 to 30 feet long.

The driver of the truck, Dwayne Borland, did not testify at the trial. Carl Aderdung, the owner of the truck, stated that Borland no longer worked for him and could not be located. He testified that prior to trial, he twice called at Borland's residence but no one answered the doorbell. He also contacted the plumber's union to ascertain Borland's place of employment, but Borland no longer worked at the location the union gave him. As to the damage to the truck, Aderdung testified that the left side "was completely scraped up." and that the right rear from the "back of the truck to one of the doors in the middle was banged in, bent up."

The police officer who investigated the accident testified that he interviewed Borland in the hospital the same afternoon. Borland stated that he was driving eastbound on Birchwood and, as he approached Winchester, saw the other vehicle in the intersection. He did not apply his brakes but stepped on the gas and tried to go around the auto to avoid an accident. The driver of the auto applied her brakes but struck him in the right rear.

The police officer also testified as to his own observation of the scene. He said that the defendants' auto stopped four to five feet across the center line of Birchwood. The debris where the impact took place was north

310

of the center line at a slight angle. The right rear quarter panel of the truck had been struck by the front of the auto and the officer concluded that this alone indicated that the northbound vehicle—the defendants' auto—entered the intersection first. The officer also noted that the skid marks left by the defendants' auto in the intersection were very slight.

Mrs. Stanton testified that she drove her auto up the center of Winchester, approached the Birchwood corner at about 15 miles per hour and stopped at the crosswalk. She did not see any cars coming but admitted that she could see only about three car lengths. She then drove forward and proceeded halfway into the intersection when she saw a vehicle coming about two or three feet away. She put on her brakes, and the truck swerved and attempted to go around her. The front of her auto hit the side of the truck approximately over the right rear wheel and the truck rolled over. Mrs. Stanton estimated that she was traveling five or six miles per hour and that the truck was traveling 25 miles per hour when they collided.

In support of their contention that the decision of the trial court was against the manifest weight of the evidence and that the plaintiff was guilty of contributory negligence as a matter of law, the defendants argue as follows: (1) The plaintiff's driver failed to keep a proper lookout; the driver either looked to the right and did not see the defendants or saw their auto and thought he could beat it across the intersection. (2) The driver was traveling at an excessive speed and lacked full control over his vehicle; his truck tipped over when it was struck by the defendants' slow-moving auto. (3) The defendants' car had the right of way; it was to the right and entered the intersection first or at the same time as the truck. (4) The plaintiff made no real effort to produce the driver, who was a material witness; therefore, there

was a presumption that his testimony would have been adverse to the plaintiff.

■ There is much to be said for the defendants' side of the case; nevertheless, there was enough evidence favorable to the plaintiff to justify the finding made by the trial court. When the evidence is conflicting and different inferences can be drawn from it, the trier of facts must determine where the preponderance lies.

The eyewitness' unbiased account of the accident, the place where the collision took place, the resting place of the vehicles after the impact, the force of the impact, the location and extent of the damage, and the skid marks made by the defendants' auto supported the plaintiff's claim that Mrs. Stanton was at fault and the driver of the truck was not. An auto going five to six miles an hour does not leave skid marks—slight or 25 to 30 feet long—when it is stopped suddenly. The trial judge could have disbelieved Mrs. Stanton's testimony that she was driving very slowly. He also could have discounted the officer's opinions and his hearsay testimony. He could have believed that the truck driver, upon approaching Winchester, slowed down and looked for oncoming traffic; that he saw none about to enter the intersection and increased his speed; that he was traveling north of the center line of the one-way street and was more than halfway across Winchester when the defendants' car approached the middle or rear side of his truck at a speed of at least 20 miles an hour; that he swerved sharply to the north to avoid the car but that it crashed into the right rear of his truck, and that the sharpness of his turn and the angle and force of the impact caused his truck to overturn. The plaintiff made an effort to produce the driver of his truck, who had not worked for him for fourteen months prior to the trial, and it was for the trial judge to determine whether the effort was reasonable.

■ ■ The findings of a trial judge concerning disputed evidence are to be accorded the same weight as the verdict of a jury and will not be reversed unless they are against the manifest weight of the evidence. Liberty Mut. Ins. Co. v. Gordon, 94 Ill App2d 90, 236 NE2d 377 (1968); Inter-Insurance Exchange v. Travelers Indemnity Co., 57 Ill App2d 17, 206 NE2d 518 (1965); Hood v. Brinson, 30 Ill App2d 498, 175 NE2d 300 (1961). In this case, the findings were not against the manifest weight of the evidence and the judgment will be affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.